IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CV-141-D

| | | |
|---|---|---|
| ROBERT K. HEBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff Robert K. Hebert ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on the grounds that he is not disabled.[1] The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 23, 25). Both parties filed memoranda in support of their respective motions (D.E. 24, 26). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.E. 27). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

I.  BACKGROUND

  A.  Case History

Plaintiff filed applications for DIB and SSI on 7 April 2008 and 11 April 2008, respectively, alleging a disability onset date of 2 November 2007. Transcript of Proceedings

---

[1] The statutes and regulations applicable to disability determinations for DIB and SSI are in most respects the same. The provisions relating to DIB are found in 42 U.S.C. subch. II, §§ 401, *et seq.* and 20 C.F.R. pt. 404, and those relating to SSI in 42 U.S.C. subch. XVI, §§ 1381, *et seq.* and 20 C.F.R. pt. 416.

("Tr.") 12. The applications were denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 12. On 27 September 2010, a video hearing was held before an Administrative Law Judge ("ALJ"). Tr. 31-58. In a written decision dated 6 January 2011, the ALJ found that plaintiff was not disabled and therefore not entitled to DIB or SSI. Tr. 12-24. Plaintiff timely requested review by the Appeals Council. Tr. 7-8. The Appeals Council denied the request for review on 18 June 2012 after admitting additional exhibits (Tr. 298-305, 844-982), including a 24 August 2009 decision by the North Carolina Department of Health and Human Services ("NCDHHS") awarding plaintiff Medicaid disability benefits as of May 2008 (Tr. 847). Tr. 1-6. The Appeals Council made no supporting findings for the denial. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff commenced this proceeding for judicial review on 16 July 2012, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* Mot. (D.E. 1); Order Allowing Mot. (D.E. 4); Compl. (D.E. 5)).

**B.     Standards for Disability**

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see* 42 U.S.C. §

1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

C.     **Findings of the ALJ**

Plaintiff was 42 years old on the alleged onset date of disability and 45 years old on the date of the administrative hearing. Tr. 23 ¶ 7. He has at least a high school education, having testified that he has a GED (Tr. 23 ¶ 8; 38) and past relevant work as a painter (Tr. 22 ¶ 6).

Applying the five-step analysis of 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 14 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: degenerative disc disease of the lumbar region of the spine, right rotator cuff injury, lateral meniscal tear and plica syndrome of the left knee, arthralgic feet and ankles, obesity, and depression. Tr. 14 ¶ 3. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. Tr. 16 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform light work,[2] subject to only occasional overhead lifting and performing simple, routine, and repetitive tasks. Tr. 18 ¶ 5. Based on this RFC, the ALJ found at step four that plaintiff was not capable of performing any of his past relevant work. Tr. 22 ¶ 6. At step five, the ALJ accepted the testimony of a

---

[2] As the ALJ noted, light work involves "lifting and carrying up to 20 pounds occasionally and up to 10 pounds frequently, sitting for up to 6 hours during an 8-hour workday with normal breaks, and standing or walking for up to 6 hours during an 8-hour workday with normal breaks." Tr. 18 ¶ 5; *see* 20 C.F. R. § 404.1567(b) (defining light work), 416.967(b) (same).

vocational expert and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including the occupations of cashier 2, small products assembler, and marker. Tr. 23 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 24 ¶ 11.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, "the court must 'review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *Felts v. Astrue*, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. 19 May 2012) (quoting *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Remand is required if the court concludes that the Commissioner's

decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. *Id.* at *1-2 (holding that Commissioner's decision implicitly determining claimant not to have a severe mental impairment and failing to consider the effect of any such impairment on his ability to work was not supported by substantial evidence in light of additional evidence of claimant's depression admitted by Appeals Council, and remanding case to Commissioner for further proceedings).

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Plaintiff's Contentions

Plaintiff contends that the Commissioner's decision should be reversed because he failed to adequately address the NCDHHS decision approving plaintiff for Medicaid disability benefits,

properly assess plaintiff's depression,[3] and to properly assess plaintiff's credibility. Because the court finds the first ground asserted by plaintiff dispositive of this appeal, the court will address only that ground and declines to address as moot the other grounds asserted.

### C. Commissioner's Failure to Adequately Address the NCDHHS Decision on Medicaid Disability Benefits

On 24 August 2009, the NCDHHS issued a decision (Tr. 847) approving plaintiff for Medicaid disability benefits as of May 2008, about six months after the alleged onset of disability in the instant case. The decision stated that an applicant for such benefits must meet the requirements for SSI set forth in 20 C.F.R. pt. 416 and that he did so. Tr. 847. As indicated, those requirements are in most respects the same as the requirements governing plaintiff's claim for DIB, which are set out in 20 C.F.R. pt. 404. *See* p. 1 n.1 *supra*.

At the hearing, plaintiff testified that he was on Medicaid (Tr. 38), but he did not submit a copy of the NCDHHS decision to the ALJ. The ALJ did not question plaintiff at the hearing regarding his receipt of Medicaid benefits and made no reference to plaintiff's approval for Medicaid benefits in his decision.

Plaintiff did submit a copy of the NCDHHS decision to the Appeals Council along with a brief (Tr. 298-305) discussing it, both of which the NCDHHS admitted into the record. *See* Tr. 5. In its order denying review, the Appeals Council stated that it considered the additional exhibits it had admitted, necessarily including the NCDHHS decision and the brief. Tr. 1. But it made no findings regarding the NCDHHS decision. The Appeals Council stated simply:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the [ALJ's] decision.

---

[3] Plaintiff's argument is expressly based on the contention that the ALJ failed to find his depression to be a severe impairment, but, as noted above, the ALJ did make that finding. *See* Tr. 14 ¶ 3.

Tr. 1-2.

Plaintiff contends that the absence of any explanation by the Commissioner of his assessment of the NCDHHS Medicaid decision requires remand. The court agrees.

An ALJ is required to consider decisions by other governmental agencies about whether a claimant is disabled, including NCDHHS decisions on Medicaid disability benefits, although such decisions are not binding on the ALJ. *See* Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6-7 (9 Aug. 2006) ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."). "These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." *Id.* at *7. Failure to discuss a Medicaid decision has repeatedly been held by this court to require remand. *E.g.*, *Batchelor v. Colvin*, No. 5:11–CV–533–FL, 2013 WL 1810599, at *2-3 (E.D.N.C. 29 Apr. 2013) (remanding case after rejecting argument based on *Shinseki v. Sanders*, 556 U.S. 396 (2009) and *Garner v. Astrue*, 436 Fed. Appx. 224 (4th Cir. 2011) that failure to discuss an NCDHHS Medicaid decision regarding claimant was harmless); *Davis v. Astrue*, 7:10–CV–00231–D, 2012 WL 555782, at *5 (E.D.N.C. 5 Jan. 2012) ("In the present case, the ALJ not only failed to explain the consideration given, but completely failed to even acknowledge the NCDHHS decision. In such cases, this Court has determined that remand is necessary to allow the ALJ to consider the NCDHHS decision and explain its consideration in the ALJ's analysis."), *aff'd and adopted*, 2012 WL 555304 (E.D.N.C. 17 Feb. 2012); *Walton v. Astrue*, No. 7:09–CV–112–D, 2010 WL 2772498, at *1 (E.D.N.C. 9 Jul. 2010) (remanding for further consideration where "the ALJ said nothing [regarding the NCDHHS decision], and SSR–06–3p requires more than 'nothing'"); *Bridgeman v. Astrue*, No. 4:07–CV–81–D, 2008 WL

1803619, at *1, *10 (E.D.N.C. 21 Apr. 2008) (remanding for further explanation where ALJ mentioned Medicaid ruling, but dismissed its relevance without discussion). Where, as here, a Medicaid disability decision is referenced at the hearing before the ALJ, but not submitted until the Appeals Council level, remand has still been deemed necessary. *See Blount v. Astrue*, No. 4:10–CV–97–D, 2011 WL 5038367, at *6-7 (E.D.N.C. 14 Sept. 2011) (mag. judge's rep. & recomm.), *adopted*, 2011 WL 5042063 (24 Oct. 2011).

The Commissioner argues that because the Appeals Council is not required to make findings generally, its failure to do so with respect to the NCDHHS decision cannot be a basis for remand. *See, e.g.*, 20 C.F.R. §§ 404.979, 416.1479; *Meyer v. Astrue*, 662 F. 3d 700, 706 (4th Cir. 2011). Of course, it is not the failure of the Appeals Council per se to make the required findings that requires remand, but rather the failure of the Commissioner, at any level, to do so. In any event, the authorities on which the Commissioner relies did not prevent the Appeals Council from making the requisite findings regarding the NCDHHS decision or, alternatively, remanding this case to an ALJ to make those findings. *See Meyer*, 662 F. 3d at 706 ("Although the regulatory scheme does not require the Appeals Council to articulate any findings when it considers new evidence and denies review, we are certainly mindful that an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review." (internal quotation marks omitted)). Thus, the absence of a general obligation by the Appeals Council to make findings does not insulate this case from remand, as the Commissioner contends.

The Commissioner also argues that the cursory nature of the NCDHHS decision renders it immaterial and therefore obviates any remand for findings regarding the decision. Precedent

9
Case 4:12-cv-00141-D   Document 28   Filed 06/24/13   Page 9 of 10

establishes this contention to be meritless. *See, e.g.*, *Blount*, 2011 WL 5038367, at *6-7; *Walton*, 2010 WL 2772498, at *1.

The court concludes that without the required findings regarding the Commissioner's assessment of the NCDHHS decision it cannot determine whether the Commissioner's decision is supported by substantial evidence. This case should accordingly be remanded for further proceedings consistent with this Memorandum and Recommendation. The court expresses no opinion on what weight, if any, should be accorded the NCDHHS decision.

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion for judgment on the pleadings be ALLOWED, the Commissioner's motion for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 8 July 2013 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections must be filed within 14 days after service thereof.

This, the 24th day of June 2013.

James E. Gates
United States Magistrate Judge